```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
                                        04-CR-911 (JS)
        -against-

ALPHONSE T. PERSICO
     also known as "The Kid" and
     "Allie Boy" and
JOHN J. DEROSS,
     also known as "Jackie"

                Defendants.
----------------------------------X
Appearances:
For Government     John David Buretta, Esq.
                   Jeffrey A. Goldberg, Esq.
                   Deborah Sue Mayer, Esq.
                   United States Attorneys Office
                   One Pierrepont Plaza
                   Brooklyn, NY 11201

For Defendants:
Alphonse Persico   Sarita Kedia, Esq.
                   Law Offices of Sarita Kedia
                   5 East 22nd Street, Suite 7B
                   New York, NY 10010

John DeRoss        Robert P. LaRusso, Esq.
                   LaRusso & Conway
                   145 Willis Avenue
                   Mineola, NY 11501
```

SEYBERT, District Judge:

        Presently pending is Defendant John DeRoss' ("DeRoss") motion to sever his trial from that of co-defendant Alphonse Persico ("Persico") based upon the introduction of testimony by a government witness, Salvatore Vitale ("Vitale"). Vitale will testify that "a few months after the Cutolo murder," Defendant

Persico admitted to Vitale "that Persico had killed Cutolo because Cutolo had attempted to take over the crime family from Persico." (Govt's Mem. in Opp'n to Def. Persico's Mot. in Limine 16.) In addition to Persico's statement, Vitale will testify about numerous murders committed by himself and others as well as a conversation Vitale had with Thomas Gioeli, another member of the Colombo crime family, regarding DeRoss taking over Cutolo's business after Cutolo disappeared. In sum, DeRoss argues that Vitale's testimony will result in prejudicial spillover against DeRoss, which cannot be remedied by a cautionary instruction to the jury. The government argues that Vitale's testimony is admissible against DeRoss under various exceptions and, even if it were not admissible against DeRoss, a cautionary instruction would remedy any prejudice. For the reasons discussed herein, DeRoss' motion for severance is DENIED.

BACKGROUND

For purposes of this motion, the Court sets forth the relevant portions of the record. DeRoss is one of four individuals initially charged in a six-count indictment dated October 13, 2004, alleging offenses including murder in aid of racketeering; conspiracy to murder in aid of racketeering; assault with a dangerous weapon; using, carrying and possessing

a firearm; witness tampering; and witness tampering conspiracy. Superseding indictments were returned on January 19, 2006 and March 2, 2006, charging DeRoss with the same six counts as alleged in the initial indictment.[1] Generally, the superseding indictment alleges that DeRoss is a member of the Colombo organized crime family, an alleged racketeering enterprise. The indictment further alleges that, as part of his involvement with the Colombo family, DeRoss, among other things, murdered William Cutolo, Sr., conspired to murder Joseph Campenalla, conspired to tamper with witnesses and tampered with witnesses related to the Cutolo murder.

In October 2006, DeRoss and Persico were tried in a joint trial before United States District Court Judge Sterling Johnson, Jr ("2006 Trial"). On November 3, 2006, Judge Johnson declared a mistrial of the 2006 Trial based on his conclusion that the jury was irreconcilably deadlocked. Vitale did not testify in the 2006 Trial.

## DISCUSSION

Legal Standard

Rule 14 permits a district court to sever the trial if

---

[1] Superseding indictments were also returned on December 15, 2005 and November 30, 2006, but such indictments are not relevant to DeRoss.

"it appears that a defendant or the government is prejudiced by a joinder." Fed. R. Crim. P. 14. "A defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice." United States v. Amato, 15 F.3d 230, 237 (2d Cir. 1994) (internal quotation marks omitted). Furthermore "severance and other similar relief rests entirely in the discretion of the court." United States v. Stone, 05-CR-401, 2006 U.S. Dist. LEXIS 8710, at *7 (E.D.N.Y. Feb. 22, 2006) (internal quotation marks omitted).

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). This preference is particularly strong "in circumstances where the defendants are charged with participating in the same criminal conspiracy." United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003). In fact, the Supreme Court has instructed that Rule 14 severance should be granted

> only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be

4

> admissible if a defendant were tried alone is
> admitted against a codefendant.

Zafiro, 506 U.S. at 539.

In determining a severance motion based on spillover prejudice, one important factor is the extent to which the evidence to be presented at the joint trial would be admissible against the movant at a "single-defendant trial because of the alleged conspiratorial nature of the illegal activity." United States v. Villegas, 899 F.2d 1324, 1347 (2d Cir. 1990). Another consideration is whether a cautionary jury instruction can be given so that the jury assesses the "evidence against each defendant separately from the proof against the other defendants." Id. As the Supreme Court explained in Zafiro, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." 506 U.S. at 539.

    A.    Admissibility Of Vitale's Testimony Against DeRoss

First, the government argues that Persico's statements to Vitale are admissible against DeRoss under the co-conspirator exception to the hearsay rule. See Fed. R. Evid. 801(d)(2)(E). DeRoss contends that this exception does not apply because Perisco's admissions to Vitale neither furthers the alleged conspiracy nor "serves to foster trust and cohesiveness [among conspirators], or inform [the conspirators] as to the progress

5

or status of the conspiracy." United States v. Orena, 32 F.3d 704, 712-14 (2d Cir. 1994).

The government argues that Persico's statements to Vitale were plainly "in furtherance" of the conspiracy – the Colombo organized crime family. In support of its argument, the government asserts that Persico's statements were made during a meeting between the heads of two crime families and facilitated the operation of the Colombo crime family by (1) informing the Bonanno crime family of the current leadership of the Colombo crime family, (2) reassuring the Bonanno family that the Colombo family was cohesive and had eliminated dissension by killing Cutolo, and (3) seeking reassurance from the Bonanno family of its support of Persico's control of the Colombo family. (Govt's Mem. in Opp'n to Def. DeRoss' Mot. to Sever 8-9.) In sum, the government's position is that the conversation between Persico and Vitale was vital to the operation of the Colombo crime family and further maintained group leadership within each crime family, which is imperative among the five Italian organized crime families. (Id. at 9.)

Additionally, the government argues that Persico's statements are admissible as co-conspirator statements in furtherance of the conspiracy of the five New York City Italian organized crime families – La Cosa Nostra. Vitale will testify

6

that coordination among the five families occurred specifically between DeRoss (on behalf of the Colombos), Vitale and others in the Bonanno family. Persico's statements to Vitale further fostered coordination and trust between the Colombo and Bonanno families and, thus, are admissible against DeRoss based on DeRoss' involvement in the larger La Cosa Nostra conspiracy.

Finally, the government argues Vitale's testimony is admissible as against DeRoss under the co-conspirator and agency exceptions to hearsay. Vitale is expected to testify that Goeli, a high-ranking Colombo member, informed Vitale that DeRoss had taken over Cutolo's business after Cutolo's disappearance and orchestrated certain meetings between DeRoss and Bonanno members. DeRoss argues that this testimony is hearsay. The government urges that Gioeli's statements to Vitale were on behalf of DeRoss as a co-conspirator and agent and, therefore, are admissible.

Rule 801(d)(2)(E) provides that a statement is not hearsay if it is made by a co-conspirator "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Second Circuit has held that

> [t]he conspiracy to which Rule 801(d)(2)(E) has reference with respect to particular testimony need not be identical to the conspiracy charged in the indictment . . . . Further, Maldonado-Rivera holds that Rule

> 801(d)(2)(E) encompasses statements that 'serve to foster trust and cohesiveness [among coconspirators], or inform each other as to the progress or status of the conspiracy.' 922 F.2d at 959.

Orena, 32 F.3d at 713 (some internal citations omitted). In his reply DeRoss argues that Rule 801(d)(2)(E) is not applicable here because Persico's statements do not further the conspiracy <u>charged</u> in this indictment. As noted above, however, the statement in question need not further the charged conspiracy. (<u>Id.</u>) Vitale's testimony concerns statements made during the course and in furtherance of the larger conspiracy of La Cosa Nostra. The Court finds, therefore, that Vitale's testimony is not hearsay under Rule 801(d)(2)(E).

Furthermore, evidence of other murders committed by fellow members of the Colombo family and other families comprising La Cosa Nostra is admissible to prove that the Colombo family and La Cosa Nostra were engaged in racketeering activity. <u>See</u> <u>United States v. DiNome</u>, 954 F.2d 839, 843 (2d Cir. 1992). Accordingly, such evidence can be introduced to prove the charges against DeRoss – for example, murder in aid of racketeering – and, therefore, is not prejudicial to DeRoss. Even if Vitale's testimony was not admissible against DeRoss, however, DeRoss has a substantial burden to overcome to warrant severance on grounds of spillover prejudice.

B.  <u>Spillover Prejudice</u>

DeRoss' main argument is that Persico's statements to Vitale would undermine DeRoss' defense – that Cutolo was not actually murdered or, alternatively, that DeRoss had no knowledge of and did not participate in Cutolo's murder – by confirming that Cutolo was actually murdered, thus preventing the jury from making a fair determination about DeRoss' guilt or innocence.  DeRoss further argues that cautionary instructions would not sufficiently remedy any adverse impact Vitale's testimony would have on the jury's determination of the evidence against DeRoss.[2]

The government contends that Vitale's testimony – that Cutolo was murdered - is not unduly prejudicial but, rather, is direct evidence of an element of the charged offense. Additionally, the government points out that other witnesses will also testify that Cutolo was murdered.  Finally, the government asserts that Vitale's testimony about Persico's statements do not implicate DeRoss and, therefore, are not

---

[2]  DeRoss also argues that the prejudicial impact of Vitale's participation in numerous murders, to which he will testify, far outweighs any possible probative value of Vitale's testimony. This last argument seems to support Defendants' motions to preclude Vitale's testimony and implicates Rule 403 of the Federal Rules of Evidence, which the Court orally denied on October 31, 2007.

prejudicial to DeRoss.

Basically, DeRoss is moving for separate trials because Vitale's testimony will corroborate that Cutolo is dead and further support the testimony of government cooperators who will be testifying. The Court fails to see how Vitale's testimony exposes DeRoss to a serious risk of prejudice. Not only has DeRoss not established a serious risk of prejudice warranting severance, he has not shown that "less drastic measures such as limiting instructions" will be insufficient to cure any risk of prejudice. Zafiro, 506 U.S. at 539-41 (noting the strong presumption that juries are capable of following a judge's instructions in sorting out what evidence bears on the guilt of any single defendant); see also United States v. Gammarano, No. 06-CR-0072, 2007 U.S. Dist. LEXIS 52059, at *32-35 (E.D.N.Y. July 18, 2007) (denying motion to sever in racketeering case because remedying instructions could cure much of the potential prejudice and much of the evidence was admissible to prove the existence of an enterprise); United States v. Stone, No. 05-CR-401, 2006 U.S. Dist. LEXIS 8710, at *9 (E.D.N.Y. Feb. 22, 2006) (denying a motion to sever because the prejudicial evidence of other murders could be used to show involvement in organized crime/racketeering and since Defendant was accused of attempted murder in aid of racketeering, it is

not prejudicial).

Furthermore, cases in which courts grant severance generally involve situations where one defendant is charged with a much lesser, non-violent crime, and the other charges will involve gruesome or violent evidence that will be highly prejudicial and irrelevant to the one defendant. See, e.g., United States v. Williams, 181 F. Supp. 2d 267, 302 (S.D.N.Y. 2001). Here, DeRoss and Persico are charged with equally violent crimes. Notably, DeRoss does not articulate why a cautionary instruction to the jury would be insufficient. The presumption, however, is that the jury will follow the Court's instructions. See Richardson v. Marsh, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987). Absent any evidence to the contrary, such presumption should not be overlooked. The Court finds that any potential prejudice can be overcome by cautionary instructions to the jury.

## CONCLUSION

For the reasons discussed herein, DeRoss' motion for severance is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         November 6, 2007